[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff's have moved for entry of a default judgment against the defendant St. Joseph's Medical Center, pursuant to Connecticut General Statutes § 52-195c. The motion was argued by counsel before the court on April 8 and 10, 2002. The court granted the motion in open court on the latter date, pursuant to Practice Book § 64-1 now sets forth its decision in writing.
This medical malpractice case was returned to court on April 16, 1996. On August 30, 2001 the parties and counsel commenced jury selection which proceeded throughout September. On October 1, 2001 counsel for the plaintiff's and the remaining defendant, St. Joseph's, announced to the court that a settlement of a cash payment of $3.61 million to the plaintiff's had been agreed on and accepted. In accordance with court procedures, the plaintiff's counsel executed and filed a withdrawal of the action (form JD-CV-41). The form was telecopied to the court on October 1, 2001 and the original was received in the mail for filing on October 3. The jury selection process was discontinued, and those individuals already selected were released from jury service.
On October 3, 2001 Reliance Insurance company, the insurer for St. Joseph's entered into liquidation through an order of the Commonwealth Court of Pennsylvania. On October 13, 2001 a general release of St. Joseph's was tendered by the plaintiffs. On October 18, 2001 an order staying all proceedings in the State of Connecticut against insureds of Reliance was entered in the Superior Court for the Judicial District of Hartford, which stay expired on April 3, 2002. Neither St. Joseph's nor Reliance has paid any part of the settlement to the plaintiffs.
St. Joseph's contends that no final settlement was reached because, while the figure of $3.61 million was agreed upon, there needed to be CT Page 6595 further negotiations respecting a written agreement containing confidentiality and hold harmless provisions.
The court rejects this argument. When the parties, counsel and the court have invested substantial time in the pre-trial process and the jury selection process, and an agreement is reached wherein (1) the parties and counsel announce to the court that the case is settled and a withdrawal is filed, and (2) as a result, the product of the jury selection process, i.e. the individuals selected for the jury, are released from service and jury selection is terminated, the case must be considered settled and terminated. Therefore, as of October 1, 2001, this case had been settled, withdrawn and concluded.
General Statutes § 52-195c (a) calls for payment or tender of the settlement amount within thirty days of receipt of a release and withdrawal. If this provision is not complied with, the plaintiff may move for entry of a default judgment which the court "shall" enter in favor of the plaintiff twenty days after the motion is served and filed, and the defendant shall be liable for interest at twelve percent per annum from the date the settlement amount should have been tendered. General Statutes § 52-195c (c)(d).
The court grants the motion for a default judgment and orders that said judgment shall accrue interest at twelve percent beginning thirty days after October 13, 2001.
ADAMS, J.